FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 3 2010

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 4:10cv1221 JMM ) |
| v. | ) JURY TRIAL DEMAND ) |
| CROTHALL SERVICES GROUP d/b/a CROTHALL HEALTHCARE, INC., | ) ) ) |
| Defendant. | ) ) |

This case assigned to District Judge Moody
and to Magistrate Judge Kay

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Taquesia Neal who was adversely affected by such practices. As alleged with greater particularity in paragraph(s) 7 a-m below, the Commission alleges that Defendant Crothall Services Group d/b/a Crothall Healthcare, Inc. discharged Ms. Neal from her housekeeping position at Arkansas State Hospital in Little Rock, Arkansas after a management official learned that she was pregnant.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Crothall Services Group d/b/a Crothall Healthcare, Inc., ("Defendant Employer"), has continuously been a Delaware corporation doing business in the State of Arkansas and the City of Little Rock, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Taquesia Neal filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least November 2008, Defendant Employer engaged in unlawful employment practices at Arkansas State Hospital, its Little Rock, Arkansas contract site, in violation of Section §703(a) of Title VII, 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to, discriminating against Taquesia Neal by terminating her employment because of her pregnancy.

   a.  Ms. Neal was hired as a housekeeper at the Arkansas State Hospital on or about November 5, 2008.

   b.  She was hired to work the 3:00 p.m. to 11:30 p.m. evening shift.

   c.  Among other things, her main duties included mopping, sweeping, dusting, and removing trash.

   d.  Ms. Neal's job performance was at all times satisfactory.

   e.  Her Housekeeping Supervisor learned that she was pregnant.

   f.  When the Housekeeping Supervisor learned that Ms. Neal was pregnant, she told Ms. Neal that she would not be allowed to continue working while pregnant.

   g.  Ms. Neal was told to resign in lieu of being discharged.

   h.  She also was told that she would have the option to be rehired after the birth of her child.

   i.  Ms. Neal refused to resign.

j. Defendant immediately fired Ms. Neal because she was pregnant.

k. On or around April 1, 2009, after Ms. Neal had her baby and was released to return to work, she contacted the Housekeeping Supervisor about returning to work.

l. Ms. Neal also submitted another employment application.

m. Defendant Employer never responded to her telephone call or her employment application.

8. The effect of the practices complained of in paragraph 7 a-m above has been to deprive Taquesia Neal of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of in paragraph 7 a-m above were intentional.

10. The unlawful employment practices complained of in paragraph 7 a-m above were done with malice or with reckless indifference to the federally protected rights of Taquesia Neal.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex and pregnancy.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Taquesia Neal, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Taquesia Neal.

D. Order Defendant Employer to make whole Taquesia Neal, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 a-m above, including relocation expenses, medical and/or counseling expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Taquesia Neal by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 a-m above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Taquesia Neal punitive damages for its malicious and reckless conduct described in paragraph 7 a-m above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye Williams* - by mjs with permission
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

*Celia Liner* - by mjs with permission
CELIA S. LINER
Acting Supervisory Trial Attorney
AR Bar No. 90183

EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0075

*Markeisha K. Savage*
MARKEISHA K. SAVAGE
Trial Attorney
TN Bar No. 024693

EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana St., Suite 200
Little Rock, Arkansas 72201
(501) 324-6474
markeisha.savage@eeoc.gov